HENRY S. BEDELL, AS EXECUTOR, ETC., OF MARTHA GUYON, DECEASED, APPELLANT, *v.* PETER C. T. GUYON AND GEORGE A. MIDDLEBROOK, AS ADMINISTRATORS OF MARTHA GUYON, DECEASED, RESPONDENTS.

*Legacies — when they vest at death of testator.*

The gift of legacies to certain parties in remainder by the use of the words "at and upon the decease of," a life beneficiary, causes such legacies to vest at the death of the testator and on the death of one of the parties, claiming a legacy in remainder, before the death of the life beneficiary, the legacy vests in his legal representatives.

APPEAL by Henry S. Bedell, executor, etc., of Martha Guyon (the elder), deceased, from an order of the district attorney of Richmond county, acting as surrogate, directing an attachment to issue against said Bedell for his failure to return an. inventory of the estate of which he was executor.

The clause of the will of Martha Guyon, upon the construction of which the controversy arose, is set out in full in the opinion.

George B. Seguine, the life beneficiary under said will, died in December, 1873. Prior thereto, and in March, 1860, Martha Guyon, a niece of the testatrix, and one of the parties to whom the testatrix gave an interest in her estate on the death of Seguine, died, and letters of administration were issued to the respondents herein who made application for a summons to compel Henry S. Bedell, as executor of Martha Guyon, to make and file an inventory of her estate. The executor of Martha Guyon the elder claimed that these respondents had no interest in her estate.

*George J. Greenfield,* for the appellant. The settled rule of law as to the vesting of legacies is that if the gift of the legacy is immediate and the payment alone postponed, the legacy will be held vested; and if the legatee die before the day of payment arrives it will not lapse but go to his personal representatives. (1 Roper on Legacies, 553, and cases cited.) But where there is no gift but by a direction to pay, or divide and pay at a future time or on a given event, or to transfer from and after a given event, the vesting will be postponed until after that time has arrived or that event hap-

pened, unless from particular circumstances a contrary intention is to be collected. (2 Williams on Executors, 1232 [at bottom, Perkin's ed.], and cases cited; 1 Roper, 578, 581, 588; *Andrews* v. *N. Y. Bible and Prayer Book Society,* 4 Sandf., 173; *Patterson* v. *Ellis,* 11 Wend., 273, 274; *Beck* v. *Burn,* 7 Beavans, 492; *Botsford* v. *Kebbell,* 3 Ves., 363; *Billingsley* v. *Wills,* 3 Atkins, 219; see, also, *Thicknesse* v. *Leige,* 3 Brown's Cases in Parliament, 365, 374; *Leake* v. *Robinson,* 2 Meriv., 363, 385; *Seamer* v. *Bingham,* 3 Atk., 54, 57; 2 Williams on Exrs., 1065 [marg., 3d ed.].) Exceptions to the general rule. (Williams on Executors [marg. p. 1059, 3d ed., or 1233 Perkins' ed.]; 2 Williams on Executors, 1066 [marg., 3d ed.]; 2 Williams on Executors, 1067 [3d ed., 1242 Perkins' ed.].)

*De Witt Stafford,* for the respondents. The legacy vested instanter on the death of testatrix. (*Barker* v. *Woods,* 1 Sandf. Ch., 130; *Everett* v. *Everett,* 29 N. Y., 39 [see opinion, 75]; *Marsh* v. *Wheeler* [2 Edw. Ch.], 163; *Harris* v. *Fly,* 7 Paige, 429; *Birdsall* v. *Hewlett,* 2 id., 33; see *Beatty* v. *Montgomery,* 21 N. J. Eq., 324; 1 Jarman on Wills, 763; 2 Williams on Exrs., 1069; 1 Jarman on Wills, 756, and note 1 and cases cited; *Leeming* v. *Sherrat,* 2 Hare, 14; *Packham* v. *Gregory,* 4 id., 396; *Conklin* v. *Moore,* 2 Bradf., 179; *Lemonier* v. *Godfroid,* 6 Har. & J., 472; *Corbin* v. *Wilson,* 2 Ash., 178; *Newport* v. *Cook,* id., 332; *Gill* v. *Weaver,* 1 Dev. & Bat. Ch., 41; *Vaughn* v. *Dickens,* 2 id., 52; *Marsh* v. *Wheeler,* 2 Edw. Ch., 161; *Lowther* v. *Condon,* 2 Atk., 127.)

BARNARD, P. J.:

Martha Guyon died in 1859, leaving a last will and testament whereby she made a bequest in the following language:

"Third, I direct my executors hereafter named, to invest and keep invested out of my estate the sum of $2,000, and to apply the increase thereof to the support of my nephew, George B. Seguine, during the full term of his natural life, and at and upon the decease of said George B. Seguine, I direct the said sum of $2,000 so to be invested as aforesaid, to be paid in equal parts to Mary Jane Guyon, wife of Peter Guyon; Martha Jane Guyon, wife of John Wesley Guyon, and Helena Seguine, children of said

George B. Seguine and Martha Guyon, daughter of said Peter Guyon." Martha Guyon died before George B. Seguine and respondents are her administrators. The executors of Martha Guyon by whose will the legacy was given claim, that Martha Guyon, daughter of Peter Guyon, had no vested interest in the legacy and that none passed to her personal representatives.

The legacy became vested at the death of the testatrix. The words " and at and upon the decease of said George B. Seguine," and similar words have uniformly been held to indicate the time when the legacy shall take effect in possession and not to make a contingency. This effect has been given to the words " then and when," which was held to refer to death of testator (3 R., 19), " shall go to such of them as shall be living," refers to death of testator. "After the death," held not to fix time of vesting (*Stones* v. *Heurtly*, 1 Ves., Sr., 165), " when and so soon as " a devisee should attain twenty-four years of age, held to give a vested estate where the devisee died before arriving at that age (3 Term R., 41). A bequest of income for life of £1,000 and after her decease (as life tenant) bequest to five sisters — held that the interest of each vested at death of testatrix. (*Roebuck* v. *Dean*, 2 Ves., Jr., 265.) Many similar cases are cited in *Moore* v. *Lyons* (25 Wend., 119), and the same principle is applied in *Livingston* v. *Greene* (52 N. Y., 118).

The decree of the surrogate should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.